UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11029-RGS

DIANE FAZIO et al.

v.

BRIAN TALBOT, Trustee of the Maccario Family Realty Trust of 1996

ORDER ON ASSESSMENT OF DAMAGES AND
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

January 31, 2013

STEARNS, D.J.

The court held an assessment of damages hearing on January 24, 2013. Plaintiff Diane Fazio testified on behalf of the fifty-percent beneficiaries of the Trust for whom judgment had previously entered. Counsel for Defendant Brian Talbot was given leave to submit responsive documentation as to the damages that were contested. She did so on January 30, 2013. Having considered the parties' submissions, the court finds that the following damages have been shown. Talbot was not entitled to continue receiving compensation as the trustee after the Trust was terminated in December of 2011.[1] Since the termination of the Trust, Talbot has paid himself $24,877.00 in salary and reimbursements from Trust funds. Nor was Talbot entitled to defend himself

---

[1] That Talbot continued to pay himself from Trust funds after the court entered a preliminary injunction to the contrary in September of 2012 is particularly troubling.

against claims of malfeasance and self-dealing in this action by using Trust funds to pay legal fees amounting to $40,405.00. However, the court finds that the two contested payments of $7,180 were for federal tax liabilities incurred by the Trust and were therefore proper Trust expenses. Plaintiffs, being fifty-percent beneficiaries of the Trust, are entitled to $32,641 in damages.

The court further finds that Talbot's conduct in this case merits an award of attorneys' fees to plaintiffs, and that plaintiffs' request for $19,082.33 in fees and costs is reasonable given the duration, scope, and outcome of the case.[2]

## ORDER

The Clerk shall enter judgment for plaintiffs in the amount of $51,723.33.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[2] Talbot has not contested otherwise.